JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Aluminum Shapes, LLC | Jeffrey Henderson |

**(b)** County of Residence of First Listed Plaintiff  Camden County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   McHenry County, IL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Thomas Biemer, Esq., Dilworth Paxon LLP, Liberty View, 457 Haddonfield Road, Suite 700, Cherry Hill, NJ 08002, 215-575-7025

Attorneys *(If Known)*
Glen A. Sproviero, Esq., ELLENOFF GROSSMAN & SCHOLE LLP, 1345 Avenue of the Americas, 11th Floor, New York, NY 10105, 212-370-1300, gsproviero@egsllp.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability    ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☒ 320 Assault, Libel &    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability    ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine    Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product    Liability | | **LABOR** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | | ☐ 710 Fair Labor Standards | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | | Act | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | | ☐ 720 Labor/Management | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability    ☐ 380 Other Personal | | Relations | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage | | ☐ 751 Family and Medical | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury -    Product Liability | | Leave Act | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | | ☐ 791 Employee Retirement | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | | Income Security Act | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence | | or Defendant) | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations    ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | | 26 USC 7609 | State Statutes |
| | Employment   **Other:** | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Other    ☐ 550 Civil Rights | ☐ 465 Other Immigration | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | Actions | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. 1332, 1441, and 1446

Brief description of cause:
Defamation, trade libel, tortious interference, and unfair competition.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*     JUDGE _____     DOCKET NUMBER _____

DATE
11/11/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Michael J. Sullivan
Glen A. Sproviero
ELLENOFF GROSSMAN & SCHOLE LLP
1345 Avenue of the Americas, 11th Floor
New York, New York 10105
(212) 370-1300
(212) 370-7889 (fax)
msullivan@egsllp.com
gsproviero@egsllp.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------------------x

ALUMINUM SHAPES, LLC                          :
900 RIVER ROAD                                :
DELAIR, NEW JERSEY 08110,                     :
                                              :   Case No.
                          Plaintiff,          :
                                              :   **NOTICE OF REMOVAL**
          v.                                  :
                                              :
JEFFREY HENDERSON                             :
2306 ORCHARD BEACH ROAD                       :
MCHENRY, ILLINOIS 60050,                      :
                                              :
                          Defendant.          :

-------------------------------------------------------------------------x

Defendant Jeffrey Henderson (sued herein as "Jeffrey Henderson, 2306 Orchard Beach Road,

McHenry, Illinois 60050") ("Defendant") hereby removes the above-referenced civil case from The

Superior Court of New Jersey, Camden County, Law Division, to the United States District Court for

the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446.  As grounds for this

case's removal, Defendant states as follows:

      1.      Defendant is named in a civil action, brought on October 14, 2016, in the Superior

Court of New Jersey, Camden County, Law Division, and captioned *Aluminum Shapes, LLC v.*

*Jeffrey Henderson,* Docket No. CAM-L-3640-16.  There are no other defendants.

      2.      The state court action is pending in this federal judicial district.

{00474695.DOC.1}

3.      Defendant received the summons and complaint of Plaintiff Aluminum Shapes, LLC ("Plaintiff") on October 17, 2016.

4.      Defendant has not filed any pleadings or made any appearances in the Superior Court with respect to this matter.

5.      The action alleges claims for trade libel, defamation, tortious interference with existing and prospective economic advantage, and common law unfair competition. *See* Complaint ¶¶ 41-67.

6.      The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because it is a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and "is between citizens of different States." *See* 28 U.S.C. 1332(a)(1).

7.      The sole Plaintiff is a New Jersey limited liability company with a principal place of business located in Delair, New Jersey.  According to the New Jersey Division of Revenue and Enterprise Services, Plaintiff LLC has two members who are each citizens of New Jersey: (1) Robert Otterbein and (2) Jacky Cheung.

8.      The sole Defendant presently is and has been a citizen of Illinois at all times relevant to this action.

9.      Given that none of the members of Plaintiff LLC are citizens of the same state as Defendant, the parties are completely diverse.

10.     The amount in controversy, although not explicitly pleaded in the complaint, far exceeds the jurisdictional threshold of $75,000 based upon the nature of the claims alleged and the fact that Plaintiff is a large, multinational company.

{00474695.DOC.1}

11.     This Notice of Removal is timely because it was filed in this Court within thirty (30) days of the receipt by Defendant of a copy of the summons and complaint and within one (1) year of commencement of the action.

12.     Defendant hereby files with this Notice of Removal a copy of all process, pleadings, and orders served on it in this action pursuant to 28 USC § 1446(a).  This consists of the summons and complaint.  *See* Exhibit "1" hereto.

**WHEREFORE,** Defendant Jeffrey Henderson respectfully requests that the above-referenced action now pending against him in the Superior Court of New Jersey, Camden County, Law Division, be removed to this Court.

Dated: New York, New York
        November 11, 2016

ELLENOFF GROSSMAN & SCHOLE LLP

Michael J. Sullivan
Glen A. Sproviero
1345 Avenue of the Americas, 11th Floor
New York, New York 10105
(212) 370-1300
msullivan@egsllp.com
gsproviero@egsllp.com
*Attorneys for Defendant*
*Jeffrey Henderson*

TO:     Thomas S. Biemer
        Christie Callahan Comerford
        Dilworth Paxon LLP
        Liberty View
        457 Haddonfield Road, Suite 700
        Cherry Hill, New Jersey 08002
        *Attorneys for Plaintiff*
        *Aluminum Shapes LLC*

{00474695.DOC.1}

3

**SUMMONS**

Attorney(s) _Thomas Biemer, Esq. (013121995)_

Office Address _Dilworth Paxson LLP_

Town, State, Zip Code _457 Haddonfield Road, Suite 700_
_Cherry Hill, NJ 08002_

Telephone Number _(215) 575-7025_

Attorney(s) for Plaintiff _Aluminum Shapes, LLC_

_ALUMINUM SHAPES, LLC,_

| Plaintiff(s) |

Vs.

_JEFFREY HENDERSON,_

| Defendant(s) |

**Superior Court of
New Jersey**

_CAMDEN_ COUNTY

_LAW_ DIVISION

Docket No: _CAM-L-3640-16_

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_/s/ Michelle M. Smith_
Clerk of the Superior Court

DATED: _10/14/2016_

Name of Defendant to Be Served: _Jeffrey Henderson_

Address of Defendant to Be Served: _2306 Orchard Beach Road, McHenry, Illinois 60050_

10-?-16
MS

Appendix XII-B1



## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐CK ☐CG ☐CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Thomas S. Biemer, Esquire | (856) 675-1900 | Camden |

| FIRM NAME  (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Dilworth Paxson LLP | L-3640-16 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 457 Haddonfield Road, Suite 700 Cherry Hill, NJ  08002 | Complaint |
| | JURY DEMAND   ☑ YES   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Plaintiff, Aluminum Shapes, LLC | Aluminum Shapes, LLC v. Jeffery Henderson |

| CASE TYPE NUMBER (See reverse side for listing) 609 | HURRICANE SANDY RELATED? ☐ YES ☑ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?    ☐ YES  ☑ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes  ☑ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes  ☑ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY  (if known) ☐ NONE ☑ UNKNOWN |
|---|---|

| **THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.** |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ Yes  ☑ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE    ☐ FRIEND/NEIGHBOR    ☐ OTHER (explain) ☐ FAMILIAL    ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ Yes  ☑ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes  ☑ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ Yes  ☑ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

| ATTORNEY SIGNATURE: *Thomas S. Biemer* | October 7, 2016 |
|---|---|

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT -- OTHER

**Track III - 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 288 | PRUDENTIAL TORT LITIGATION |
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 | NUVARING | 296 | STRYKER REJUVENATE/ABG II MODULAR  HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 601 | ASBESTOS |
| 287 | YAZ/YASMIN/OCELLA | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."

**Please check off each applicable category** ☐ Putative Class Action  ☐ Title 59

Thomas S. Biemer (No. 013121995)
Christie Callahan Comerford (No. 053221996)
**DILWORTH PAXSON LLP**
Liberty View
457 Haddonfield Road, Suite 700
Cherry Hill, New Jersey 08002
*Counsel for Plaintiff Aluminum Shapes, LLC*

| | |
|---|---|
| ALUMINUM SHAPES, LLC<br>9000 RIVER ROAD<br>DELAIR, NEW JERSEY 08110,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY HENDERSON<br>2306 ORCHARD BEACH ROAD<br>MCHENRY, ILLINOIS 60050,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br><br>Docket No. L- *36040-16*<br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |

## COMPLAINT

Plaintiff, by and through its undersigned counsel, and by way of a Complaint in civil action against Jeffrey Henderson, hereby alleges as follows:

## INTRODUCTION

1.    Plaintiff Aluminum Shapes, LLC ("Aluminum Shapes"), a New Jersey company employing over 400 employees, brings this action against Jeffrey Henderson to stop his tortious campaign to destroy its business by defaming it, interfering with its recruiting of employees and spreading false rumors throughout the aluminum industry and the media.  Henderson's conduct has caused, and is causing, significant pecuniary harm to Aluminum Shapes in terms of reputational injury, lost profits and customers and increased costs.

## THE PARTIES

2.     Aluminum Shapes is a New Jersey limited liability company with its principal place of business at 9000 River Road, Delair, New Jersey.

3.     Defendant Jeffrey Henderson is an individual who, upon information and belief, is a resident of Illinois.

## JURISDICTION AND VENUE

4.     This Court has personal jurisdiction over Henderson as a result of "continuous and systematic" contacts with New Jersey.  Additionally, Henderson's purposeful tortious conduct directed to a New Jersey company make it reasonable for him to expect to be haled into this Court.  Because Aluminum Shapes felt the brunt of the harm at its only place of business in Delair, New Jersey, New Jersey is the focal point of the harm suffered by Aluminum Shapes as a result of the tortious conduct committed by Henderson as alleged in this Complaint.

5.     Venue is appropriate in Camden County because pursuant to Rule 4:3-2(a)(3) because it is the county in which the causes of action arose and because Plaintiff Aluminum Shapes resides in this county.

## FACTUAL HISTORY

### Aluminum Shapes

6.     Aluminum Shapes has deep roots in New Jersey.  Indeed, Aluminum Shapes has operated an aluminum extrusion facility in Delair, New Jersey for sixty years.  From a small family-owned window and door business, Aluminum Shapes has evolved into what is today one of the nation's largest independent extruders and finishers.

7.     Over its history, Aluminum Shapes has produced some of the highest profile aluminum fabricated structures in the nation including scaffolding for the Statute of Liberty and Washington Monument cleaning and restoration projects.

8.      Since 2015, Aluminum Shapes has embarked on an impressive over $60 million investment plan to modernize by upgrading the facility, adding new fabrication equipment, upgrading its building and investing in personnel.

9.      Now, with its 267,020 square meter, wholly-owned state-of-the-art facility, Aluminum Shapes operates a highly efficient, single-site manufacturing and distribution operation with centralized administration, marketing, and customer service.

10.     Specifically, Aluminum Shapes has the capability to melt aluminum into cast billets, which can then be extruded by a variety of different-size presses.  Once extruded, Aluminum Shapes can then use its over 200 pieces of fabrication equipment to punch holes, make precision cuts, etc. to finish the project.  Unlike other aluminum extrusion companies, Aluminum Shapes performs all of these services under one roof at its Delair facility.

11.     Aluminum Shapes also employs one of the most state-of-the-art anodizing systems in the world, which can fully automate the process of producing architectural finishes for its customers.

12.     Aluminum Shapes serves as the livelihood for many New Jersey families, including some who have multiple generations working at the company.  Indeed, three generations from one Aluminum Shapes' family work together on the same shift.  Approximately 2,000 people rely on Aluminum Shapes when one considers the family members of Aluminum Shapes' employees.

13.     Aluminum Shapes currently has over 400 employees, mostly unionized, having doubled in size in recent years.  In addition, it is currently training, internally and externally through a local college, an additional 60 employees.

14.     The aluminum produced by Aluminum Shapes is environmentally sustainable but Aluminum Shapes' environmental commitment does not stop there.  Since the 1990's, Aluminum Shapes has been involved with sustainable and renewable energy sources through investment in on-site solar and methane gas generating facilities that provide more than 50% of the energy required to power its Delair plant and offices.  Consistently, Aluminum Shapes has been recognized for exemplary green power procurement by the EPA Green Power Partnership.

15.     Aluminum Shapes also exports its finished goods outside the United States.  In that regard, Aluminum Shapes has worked closely with the United States Commercial Service to focus on helping United States companies connect with vetted foreign buyers and partners to facilitate sales opportunities outside the United States.

16.     In sum, Aluminum Shapes is a thriving local, manufacturing business-- one that invests millions of dollars to upgrade its facility, maintains close relationships with its unionized work force and the community, and is committed to environmental sustainability.

17.     The tortious conduct of Defendant Henderson described below threatens all that Aluminum Shapes has built over decades of good business, good works, and good citizenship.  Apparently for reasons of pure personal ego and greed, one man—seemingly on his own and without the support of the organizations with which he is affiliated—has set his course on destroying Aluminum Shapes and all of the benefits it brings to its employees and the community.   Defendant Henderson must be held accountable under the law for his unlawful conduct.

**DEFENDANT HENDERSON AND THE SANFORD ORGANIZATION**

18.     Defendant Henderson is a former manager of a Delhi, Louisiana aluminum extrusion plant owned by Sapa Extrusions, North America, who subsequently held the position of marketing director for one of Sapa's affiliates from August, 2010 through December, 2013.

4

19.     In 2014, Henderson and his wife Casey Henderson purchased "The Sanford Organization" ("TSO"), an association management company located in Illinois, from Rand Baldwin.

20.     Until his association with TSO, it does not appear that Henderson had any experience with association management.  Unlike Mr. Baldwin, who was a Certified Account Executive – the highest honor an association executive can earn in the profession after completing educational requirements and passing an examination – it also does not appear that Henderson has an educational background in association management.  To the contrary, although Henderson refers to having "studied" at Kansas University, upon information and belief, he is not a college graduate.

21.     TSO markets itself, *inter alia*, as providing management services for associations for a fee, including staffing.  The Sanford Organization also claims that  Henderson's "unique approach" provides clients with a variety of advocacy services and can influence the laws, regulations, policies and decisions that impact their clients' industries.

### The Aluminum Extruders Counsel

22.     At the time the Hendersons purchased TSO, it had various clients, including the Aluminum Extruders Council ("AEC"), the Aluminum Anodizers Council (AAC), the National Plasterers Council and the Commercial Law League of America.

23.     At the time Rand Baldwin owned TSO,  he also served as President of AEC and AAC, among other TSO clients.

24.     AEC is a trade association dedicated to advancing the effective use of aluminum extrusion in North America on behalf of its members.  Mr. Baldwin is widely credited with having successfully spearheaded AEC's efforts to get the United States government to impose certain tariffs on imports of Chinese aluminum.

25.     After Henderson's purchase of TSO, he took over the leadership positions for AEC and AAC, among other clients of TSO.  Both AEC and AAC have members located in New Jersey.

26.     Upon information and belief, Henderson is financially incented to advance the business and financial interests of members of the AEC.  Henderson has tried to do so by harming the interests of competing aluminum businesses, like Aluminum Shapes.  To that end, Henderson embarked on a personal mission to destroy Aluminum Shapes in an attempt to further his own personal financial interest by trying to divert business from Aluminum Shapes to members of the AEC.

### Henderson's Obsession with Destroying Aluminum Shapes

27.     For at least the past year, Henderson has been engaged in a systematic, tortious campaign to injure Aluminum Shapes.

28.     Henderson's conduct has taken many forms, including spreading untrue rumors about Aluminum Shapes, trying to convince its current employees to leave Aluminum Shapes, and defaming Aluminum Shapes to potential new hires.  Simply put, Henderson has engaged in an all-out assault against Aluminum Shapes.

29.     Henderson's improper conduct began at the latest in the fall of 2015 when he began spreading the false rumor that Aluminum Shapes was engaged in illegal conduct and would be shut down.

30.     In one particular instance, in January, 2016, Defendant Henderson called Brigette Douglass, Aluminum Shapes' Vice President of Sales and Marketing at her office in Delair, New Jersey, and ominously claimed that things would not go well at Aluminum Shapes and that it would not be around long.  During that call, Henderson expressly encouraged Ms. Douglass to leave Aluminum Shapes, arguing that Aluminum Shapes had no future.

31.     In early February, 2016, right after Henderson's disparaging comments that "things" are going to go "badly" for Aluminum Shapes a false and defamatory story was reported in the national news media  that Aluminum Shapes' Delair facility had been raided by the FBI.

32.     The false rumor, which Reuters described as "frenzied," "unclear and inconsistent" and lacking "any concrete details" reached, not just a national audience, but also beyond the United States to Europe, and caused serious disruption to Aluminum Shapes' business.

33.     The story of the FBI raid was outright false and had no basis in fact.  This knowingly false and maliciously defamatory story, nevertheless led to numerous inquiries from customers and others. In the face of that rumor-mill frenzy, Aluminum Shapes was forced to attempt to quell the rumors by issuing a press release denying that any such raid occurred or that its operations had in any way been disrupted..

34.     Upon information and belief, Henderson – known to be a media source – made the knowingly false statement and started the rumor that the FBI had raided Aluminum Shapes' Delair facility.

35.     After the Reuters story ran – and after Aluminum Shapes had affirmatively denied that any such raid had occurred – Henderson continued to spread the false narrative that Aluminum Shapes was going to be shut down.  Both before and after the false FBI story, he repeatedly used both false innuendo and affirmative false statements that adverse law enforcement action against Aluminum Shapes was imminent.

36.     For example, a representative of AEC, at the direction of Henderson, contacted a prospective Director of Quality Control, a significant leadership position within the Company, to

dissuade him from accepting an offer for employment with Aluminum Shapes and told the prospect that the company "was going to be shut down" and "had a lot of problems."

37.     This interference with prospective employees was not an isolated event, as recruitment firms have advised Aluminum Shapes that they are having difficulty attracting employees to Aluminum Shapes due to the false industry rumors started by Henderson.

38.     Henderson's improper and systematic conduct has taken an significant toll on Aluminum Shapes by: (1) tarnishing its reputation in the industry; (2) interfering with its recruiting efforts and employee morale; (3) causing a decrease in customer orders; (4) and increasing its operational costs.

39.     In an effort to try to mitigate the damages caused by Henderson's tortious conduct, Aluminum Shapes has been forced to spend significant amounts of time and money to reassure its customers and other constituents, including, among other things, inviting business counterparts to visit its facility to see for themselves that, far from being antiquated, it has modern and efficient facilities that generate quality products.

40.     Henderson's tortious conduct against Aluminum Shapes is outside the scope of any legitimate duties that he has on behalf of AEC and is nothing other than a personal mission to destroy Aluminum Shapes' business.

## COUNT I

### Trade Libel

41.     Plaintiff incorporates by reference all of the allegations set forth in the preceding paragraphs as if set forth here in full.

42.     Defendant Henderson has engaged in a pattern and practice of defaming Aluminum Shape's facility.

43.     Upon information and belief, Defendant Henderson also spread the false rumor that Aluminum Shapes' facility had been raided by the FBI.

44.     Defendant Henderson's comments were false and made to third parties with the intention of causing harm to Aluminum Shapes.

45.     As a result of defendants' tortious conduct, plaintiff Aluminum Shapes incurred special damages in terms of loss of profits and customers and increased costs, all of which are capable of being measured in money, as well as injury to its good will and reputation.  In addition, as a result of Henderson's conduct, Aluminum Shapes has incurred significant damages including costs related to correcting the false statements Henderson made about Aluminum Shapes.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendant, for: compensatory damages; special damages; punitive damages; reasonable attorneys' fees and costs; pre and post-judgment interest; and such other relief as the Court deems equitable and just.

## COUNT II

### Defamation

46.     Plaintiffs incorporate by reference all of the allegations set forth in the preceding paragraphs as if set forth here in full.

47.     Defendant Henderson has engaged in a pattern and practice of defaming Aluminum Shapes.

48.     Upon information and belief, Defendant Henderson also made the false statement that Aluminum Shapes' facility had been raided by the FBI.

49.     Defendant Henderson's comments were false and made to third parties with the malicious intent to cause harm to Aluminum Shapes.

9

50.     Henderson's false statements about Aluminum Shapes constitute defamation per se.

51.     Plaintiff Aluminum Shapes has incurred special damages in terms of loss of profits and customers and increased costs, all of which are capable of being measured in money, as well as injury to its good will and reputation.  In addition, as a result of Henderson's conduct, Aluminum Shapes has incurred significant damages including costs related to correcting the false statements Henderson made about Aluminum Shapes.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant, for: compensatory damages; special damages; punitive damages; reasonable attorneys' fees and costs; pre and post-judgment interest; and such other relief as the Court deems equitable and just.

## COUNT III

### Tortious Interference with Existing and Prospective Economic Advantage

52.     Plaintiff incorporates by reference all of the allegations set forth in the preceding paragraphs as if set forth here in full.

53.     As set forth above, Plaintiff had a reasonable expectation of entering into an arrangement with a candidate for its Quality Assurance Director position.

54.     Defendant Henderson knew that Plaintiff had a reasonable expectation of entering into an agreement with a candidate for its Quality Assurance Director position.

55.     Defendant Henderson intentionally, with malice and without justification or excuse, interfered and inflicted harm on Plaintiff Aluminum Shapes by interfering with its prospective economic relationships or reasonable expectations of economic advantage by defaming Aluminum Shapes to this potential new hire.

56.     Upon information and belief, Defendant Henderson interfered with other prospective employment candidates to be identified during discovery.

57.     Plaintiff also had a reasonable expectation of entering into agreements with current and prospective customers.

58.     Defendant Henderson knew that Plaintiff had a reasonable expectation of entering into agreements for services with current and prospective customers.

59.     Upon information and belief, as a proximate result of Henderson's many false and defamatory statements, including but not limited to that Aluminum Shapes had been raided by the FBI, existing and prospective customers declined to do business with Aluminum Shapes.

60.     If not for Defendant Henderson's interference, it was reasonably probable that Plaintiff would have entered into additional agreements with existing and prospective customers for goods and services.

61.     Defendant Henderson intentionally, with malice and without justification or excuse, interfered and inflicted harm on Plaintiff Aluminum Shapes by interfering with its existing and prospective economic relationships or reasonable expectations of economic advantage by tarnishing Plaintiff's reputation by making false and defamatory statements about Plaintiff.

62.     Plaintiff was injured as a proximate result of Defendant Henderson's conduct through increased costs associated with filling employment positions, costs relating to a delay in filling such positions, loss of customer orders and loss of good will and reputation.  In addition, as a result of Henderson's conduct, Aluminum Shapes has incurred significant damages including costs related to correcting the false statements Henderson made about Aluminum Shapes.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant, for: compensatory damages; special damages; punitive damages; reasonable attorneys' fees and

costs; pre and post-judgment interest; and such other relief as the Court deems equitable and just.

## COUNT IV

### Common Law Unfair Competition

63.     Plaintiff incorporates by reference all of the allegations set forth in the preceding paragraphs as if set forth here in full.

64.     Henderson has and continues to engage in unfair and unlawful activity in an effort to undermine Plaintiff's business.

65.     As set forth above, Defendant Henderson has and continues to make false and misleading statements about Plaintiff Aluminum Shapes, including that its facility had been raided by the FBI.

66.     Defendant Henderson's statements have a tendency to and have actually deceived the public regarding Aluminum Shapes' facility and employees, and are likely to influence the decisions of customers looking for the goods and services provided by Aluminum Shapes.

67.     Plaintiff has been harmed by Henderson's acts of unfair competition. Specifically, Defendant Henderson's conduct has caused Aluminum Shapes to incur a loss of customer orders and of good will.  In addition, as a result of Henderson's conduct, Aluminum Shapes has incurred significant damages including costs related to correcting the false statements Henderson made about Aluminum Shapes.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant, for:

compensatory damages; special damages; punitive damages; reasonable attorneys' fees and

costs; pre and post-judgment interest; and such other relief as the Court deems equitable and just.

Respectfully submitted,

**DILWORTH PAXSON LLP**

Thomas S. Biemer (No. 013121995)
Christie Callahan Comerford (No. 053221996)
457 Haddonfield Road, Suite 700
Cherry Hill, New Jersey 08002
Telephone: (856) 675-1900
Fax: (856) 663-8855
*Counsel for Plaintiff Aluminum Shapes, LLC*

Dated: October 7, 2016

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Thomas S. Biemer, Esquire as trial counsel in this matter.

## R 4:5-1 CERTIFICATION

I certify that this dispute is not the subject of any other action pending in any other court

or a pending arbitration proceeding to the best of my knowledge and belief.  Also, to the best of

my knowledge and belief, no other action or arbitration proceeding is contemplated. Further,

other than the parties set forth in this complaint, I know of no other parties that should be made a

part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all

parties and the court an amended certification if there is a change in the facts stated in this

original certification.

Dated:  October 7, 2016

Thomas S. Biemer

13

CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN                    NJ 08103

COURT TELEPHONE NO. (856) 379-2200
COURT HOURS  8:30 AM - 4:30 PM

TRACK ASSIGNMENT NOTICE

DATE:    OCTOBER 07, 2016
RE:      ALUMINUM SHAPES LLC VS HENDERSON
DOCKET:  CAM L -003640 16

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON ROBERT G. MILLENKY

AT:     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      101
        (856) 379-2200 EXT 3060.

        IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
        CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
        PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
        WITH R. 4:5A-2.

                      ATTENTION:

                                ATT: THOMAS S. BIEMER
                                DILWORTH PAXSON LLP
                                1500 MARKET ST
                                STE 3500E
                                PHILADELPHIA          PA 19103

JUAXT5